



----------------------------------------------------------------

FROM: 09674510
TO:
SUBJECT:
DATE: 07/28/2023 09:53:18 AM

United States District Court
Eastern District of Michigan
Southern Division

Jovan Markese Wilhite

v.

Rardin(warden)

Case: 2:23-cv-11924
Assigned To : Berg, Terrence G.
Referral Judge: Grand, David R.
Assign. Date : 8/2/2023
Description: HC WILHITE V. RARDIN (DJ)

RECEIVED
AUG 0 2 2023
AUG 0 2 2023
CLERK'S OFFICE
U.S. DISTRICT COURT
J.S. DISTRICT COURT
ANN ARBOR, MI

8/2/23
New Case

Now come plaintiff Jovan Markese Wilhite in prose fashion, Pursuant to Title 28 2241,writ of habeas corpus. More specifically, writ of habeas corpus is appropriate when a defendant "is in custody under under or by color of the authority of the United States or is committed to trial before some court there of" 28 2241(c)(1) or is in custody in violation of the constitution or laws or treatise of the United States 28 2241(c)(3). The plaintiff asks this Honorable Court to compel the defendant/warden of Milan Federal Institution to answer a simple question, why is the plaintiff in his custody when it is in violation of the Constitution of the United States.

Plaintiff in this district is charged "interalia," with "Racketeering Conspiracy," in which he raises a clear and obvious "Ex Post Facto" violation, Fifth Amendment  and Fourteenth Amendment violations, also a failure to state an offense pursuant to rule 12 of the federal rules of criminal procedure.

Discussion
_____

"An indictment is a written accusation describing the criminal charges returned by a "Grand Jury" upon which a defendant may be tried." As the United States Supreme Court observed in Costello v. United States, courts uniformly held that  a written indictment must contain all the the elements of the crime charged,or it is subject to dismissal,the essential elements of the offense in the written indictment,generally track the language of the statute ,regulation or provision of which the government alleges a defendant has violated. An offense charged in the language of the statute usually is sufficient to enumerate all the elements of the offense, an indictment that merely tracks the language of the statute defective,if the facts  on the face of the indictment are insufficient to establish an essential element, the indict must be dismissed,

even if the indictment tracks the language of the statute,it must be accompanied by a statement of facts and circumstances order to notify the accused of charges. Hamling v. United States 418 U.S 87 94 S.CT 2887 41 L.Ed 240
here the government alleges that Mr.. Wilhite was engaged in firearms trafficking, a provision of the RICO statute pursuant to 1962(d) defines what constitutes "Racketeering Activity" to include "any act or threat involving murder,kidnapping,gambling,arson,robbery. Bribery,extortion,dealing in obscene matter,or dealing in controlled substance or listed chemical;That definition however does not include the commission of firearms offenses or even the involvement with firearms as "Racketeering Activity" SEE United States v. Latorre-Cacho. The government asserts it never intended to use firearm offenses to convict Mr.. Wilhite of Racketeering Conspiracy,this couldn't be further from the truth, the government alleged the conduct and "submitted" to the "Grand Jury."

But an indictment must provide some means if pinning down specific conduct at issue to apprise a defendant of charges, a vague indictment violates constitution United States v. Pirro 212 f.d 86 2nd cir.2000; Jones v. United States 526 U.S 227 119 S.CT. 1999 United States v. Sandoval 347 f.3d 627

Argument in Support of Violation of Art 1 Sec. 9 Cl 3
_____

Plaintiff was indicted may 26th 2021, and arrested and detained June 3rd 2021,amongst other offenses
 "Racketeering Conspiracy" the government alleges the sale of firearms, as part of plaintiff's "Racketeering Activity," the government asked the Hon. Paul D. Borman for a total of 3 continuances,for an exclusion from the speedy trial clock. June 25th 2022 the BIPARTISAN SAFER COMMUNITIES ACT  was enacted and signed into law 1 year 1 day after plaintiff was indicted and detained.

Amending the Racketeering statute inserting firearms trafficking, Art 1 Sec 9 Cl 3" which flatly prohibit retroactive application of

TRULINCS  09674510 - ~~BISHOP~~, STEVEN HARVEY - Unit: MIL-D-B

--------------------------------------------------------------------------------------------------------

penal legislation,not only to ensure that individuals have fair warning about the effect of criminal statutes,but also restrict government power by restraining arbitrary and potentially vindictive legislation Landgraf v. USI Film Prod 511 U.S 244 114 S.CT. Ex Post Facto prohibitions are designed to serve as fundamental justice and are aimed also at concern that legislative enactment give fair warning of enactments meaning until explicitly changed and reinforcing separation of powers Carmell v. Texas 529 U.S 513 120 S.CT 1620 146 L.Ed 2d 577

prohibition against ex post facto law raises basic presumption of law,that legislation especially of criminal sort,is not applied retroactively to a constitutional level Johnson v. United States 529 U.S 694 120 S.CT 1795 146 L.Ed 2d 727 "Statue violates ex post facto clause if it applies to events occurring before its enactment and alters definition of criminal conduct or increases punishment for crime" United States v. Pfiefer 371 f.3d 430 8th cir 2000. In determining whether statute is ex post facto,test is not in form in which legislation is cast,but its substance and if,regardless of form statute,in substance inflicts additional punishment for past offense,it is bad as ex post facto law.

Cases v. United States 131 f.2d 916 1st cir 1942; Policy considerations which support prohibition against ex post facto application of criminal statute are also applicable in judicial descions which affect, interpretation of criminal statute; in both cases it is undesirable to punish individuals for acts,which,at the time they were performed were not within the reach of the criminal statute United States v. Wasserman 504 f.2d 1012 5th cir 1974 Although the ex post facto clause of the federal constitution have been held to apply to only legislation,there is some precedent to the effect that similar restrictions apply as a matter of due process, to judicial changes in law. SEE Bouie v. Columbia 1964 378 US 347 12 LE.D2d 894 84 S.CT 1697

In order to be ex post facto for federal constitutional purposes,it was held in weaver v. Graham(1981)450 US 24 67 L.Ed 2d 17 101 S.CT 960 penal law must disadvantage the offender affected by it. The Supreme court added,however,that 1. a law need not impair a vested right in order to violate ex post facto prohibition 2. and the presence or absence of an affirmative enforceable right was not relevant in this context. Thus The Supreme Court concluded,even if a statute merely alters penal provisions accorded by the grace of the legislature,the statue violates the ex post facto clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

Four Categories of laws which disadvantage an offender affected by them

1. make an action criminal that was innocent when done

2.aggravate a crime or make it greater than it was when committed

3.inflict greater punishment than the law provided for a crime when it was committed or;

4.alter the legal rules of evidence and allow conviction on less or different testimony than the law required at the time of the offense -any change in law which alters the situation of a party to the party's disadvantage.

Conclusion

---

Mr. Wilhite should not be in the custody of BOP, to be in the custody of mr. rardin is a violation of the Fifth and Fourteenth Amendment, when the government has clearly violated Art 1 SEC.9 CL3 of the United States Constitution(Ex Post Facto) plaintiff respectfully submits and asks this Honorable Court to grant a Writ of Habeas Corpus as the above brief supports the reasoning for it.

respectfully
Jovan Markese Wilhite

METROPLEX MI 480

31 JUL 2023   PM 9   L

U.S. MARSHALS

Jovan Wilhite 48453-509
Federal correctional institution
4004 Arkona RB
Milan michigan
48160

Federal Building
200 East liberty Street Room 200
Ann Arbor MI 48104

48104-212945

inspected 7-28-23 WLS